UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                                    CRIMINAL ACTION NO. 3:09CR-179-S

DANIEL M. KEY                                                         DEFENDANT

## **MEMORANDUM OPINION AND ORDER**

This matter is before the court on motion of the defendant, Daniel M. Key, to suppress evidence seized as a result of the use of passenger flight records obtained under an administrative subpoena directed to Southwest Airlines (DN 87). The subpoena in question required Southwest Airlines to provide flight records for any individuals who had paid cash at the ticketing counter to board Southwest Airlines flight 3449 from Louisville, Kentucky to Phoenix, Arizona on September 12, 2009.[1]

Key has not shown standing to challenge the subpoena. Key states only that the administrative subpoena was "unlawful," and that he has moved for suppression "pursuant to the Fourth, Fifth and Sixth Amendments to the United States Constitution." Mo. to Supp., p. 1. He complains that "personal information was provided to the government without his consent and without a warrant." *Id.* He states that at the time the subpoena was issued, Key had been "identified." *Id.* He does not explain nor does he offer authority to support the contentions that the subpoena was unlawful or that he has any grounds to challenge a subpoena issued to an airline.

---

[1] There is virtually no information offered in the motion about the seizure. The court assumes that Key is seeking to suppress items seized as a result of information obtained by investigating agents about passengers who purchased tickets for the September 12, 2009 flight from Louisville to Phoenix.

In *United States v. Phibbs*, 999 F.2d 1053 (6th Cir. 1993) the United States Court of Appeals for the Sixth Circuit stated:

> Here, the administrative subpoenas were not directed at Rojas but rather at third party businesses. As a consequence, he did not have standing to dispute their issuance on Fourth Amendment grounds, unless he could demonstrate that he had a legitimate expectation of privacy attaching to the records obtained. *See, e.g., United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980); *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). It is evident, however, that Rojas did not have both an actual and a justifiable privacy interest in any of these materials, including his credit card statements and telephone records...*United States v. Miller*, 425 U.S. 435, 440-41, 96 S.Ct. 1619, 1623, 48 L.Ed.2d 71 (1976)(records of bank transactions were not "private papers," over which a person could claim ownership or possession, but were business records). The information contained within them was readily accessible to employees during the normal course of business. Rojas therefore lacked standing to challenge the government's use of the subpoenas.

*Phibbs*, 999 F.2d at 1078.

Key has not articulated a legitimate expectation of privacy attaching to the records obtained from Southwest Airlines. Additionally, he has not explained the pertinence of Key having been "identified" at the time of the issuance of the subpoena. As noted in *Phibbs, supra.*, once a targeted individual has been indicted, the United States must cease its use of the grand jury in preparing its case. However, the investigatory mechanism of the administrative subpoena authorized by 21 U.S.C. § 876(a) is not so limited. *Phibbs*, 999 F.2d at 1077. In any event, being "identified" is a far cry from being indicted. Key has simply provided no basis for his challenge.

Therefore, motion having been made and for the reasons stated hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Daniel M. Key, to suppress (DN 87) is **DENIED.**

**IT IS SO ORDERED.**