UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DANIEL KEY                                                                                          PETITIONER

v.                                                              CRIMINAL ACTION NO. 3:09-CR-179-S
                                                                CIVIL ACTION NO. 3:13-CV-01229-S

UNITED STATES OF AMERICA                                                          RESPONDANT

**FINDINGS OF FACT**
**CONCLUSIONS OF LAW**
**AND RECOMMENDATION**

**INTRODUCTION**

This matter is before the Magistrate Judge on the motion of the United States, pursuant to 28 U.S.C. §2255(f), to dismiss the motion of the Defendant, Daniel Key, to vacate, set aside or correct his sentence of imprisonment. The United States argues as grounds for dismissal that the motion filed by Key is untimely as being filed beyond the 1-year limitation period contained in §2255(f). Because examination of the record confirms the untimeliness of Key's motion, the Magistrate Judge shall recommend that the government's motion to dismiss be granted and that Key be denied a certificate of appealability as reasonable jurists could not disagree that his motion is time-barred.

**FINDINGS OF FACT**

On December 16, 2009, a federal grand jury seated in the Western District of Kentucky indicted Key along with five other defendants.[1] The indictment charged Key and his co-defendants in count 1 with a conspiracy to possess with intent to distribute 5 kg or more of

---

[1] (DN 30, Indictment).

cocaine in violation of 21 U.S.C. §§841(b)(1)(A)(ii) and 846.[2] Following indictment, Key filed a number of pretrial motions.[3] He filed a motion to suppress, a motion for a *James* hearing, a motion for an order to require the Government to give notice of its intent to introduce evidence of other crimes, a motion for disclosure of impeaching information and a motion for disclosure of informants.[4]

The District Court denied Key's motion to suppress by a memorandum opinion and order entered on Sept. 1, 2010.[5] The Court, by a separate order entered on the same date, denied Key's motion for a hearing to determine the admissibility of his co-conspirators' statements.[6] The Court granted Key's motion for notice of intention to introduce evidence of other crimes in the same order.[7] It granted in part and denied in part Key's motion for the disclosure of exculpatory and impeachment evidence, while denying his motion to disclose the identity of any informants.[8]

A jury trial was set for Oct. 18, 2010.[9] Key filed a pretrial memorandum and a motion in limine in mid-October.[10] The case did not proceed to trial, however, as Key elected to enter a change of plea.[11] Key pled guilty to count 1 of the indictment on the same date his trial was to commence. The District Court initially set a sentencing hearing for Jan. 4, 2011,[12] but continued the date for sentencing to Feb. 10, 2011, when Key appeared and requested to withdraw his plea

---

[2] (DN 30, pp. 1-2).
[3] (DN 87-91, pretrial motions).
[4] (DN 87, Mot. to Supp; DN 88, Mot. for *James* hr; DN 89, Mot. for 401(b) Not; DN 90, Mot. for Discl. of Impeaching Info; DN 91, Mot. for Discl. of Informants).
[5] (DN 119, Opin. and Ord.).
[6] (DN 120, Ord.).
[7] (Id.).
[8] (DN 120, Ord.).
[9] (DN 86, Ord.).
[10] (DN 129, Pretrial Mem; DN 132, Mot. in Limine).
[11] (DN 140, Ord.).
[12] (DN 141, Ord.).

of guilty.[13] The District Court then rescheduled Key's sentencing and referred to the undersigned the motion of Key's attorney to withdraw.[14]

Following an *ex parte* hearing on March 8, 2011, the motion of counsel to withdraw was granted.[15] Key with assistance of new counsel filed a written motion to withdraw his plea of guilty.[16] The District Court denied Key's motion to withdraw his plea.[17] On May 12, 2011 it entered a judgment of conviction that sentenced Key to 120-months of imprisonment.[18]

Key took a direct appeal of his conviction.[19] His counsel on appeal filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967) based on his belief that no non-frivolous grounds existed to raise on appeal.[20] On Aug. 17, 2012, a 3-judge panel of the Sixth Circuit entered an order that granted counsel's motion to withdraw.[21] The panel in its order concluded that Key entered a valid guilty plea to count 1 of the indictment, and that no non-frivolous basis existed to challenge the 120-month sentence imposed, which the court held to be both procedurally and substantively reasonable.[22] On Nov. 16, 2012, the 90-day time period for Key to file a petition for a writ of certiorari to the U.S. Supreme Court expired without a petition being filed. Key's conviction therefore became final on that date.

More than one year later, on Dec. 23, 2013, Key filed a motion pursuant to 28 U.S.C. §2255 to vacate, set aside or correct his sentence.[23] The following month on Jan. 29, 2014, Key

---

[13] (DN 180, Ord.).
[14] (DN 188, Ord of Referral; DN 192, Ord. Resched. Sent.)
[15] (DN 190, Ord. on *Ex Parte* hearing).
[16] (DN 194, Mot. to Withdraw Guilty Plea).
[17] (DN 200, Ord.).
[18] (DN 205, Judgment).
[19] (DN 204, Not. of App.).
[20] (DN 218, Sixth Cir. Ord. pp. 1-2) (*United States v. Key,* App. No. 11-55-99, pp. 1-2 (6th Cir. Aug. 17, 2012)).
[21] (DN 218, Ord. p. 3).
[22] (Id., p. 2).
[23] (DN 220, Mot. to Vac.).

filed a memorandum of law in support of his previously-filed motion.[24] The District Court referred the matter to the undeersigned pursuant to 28 U.S.C. §636(b)(1)(B) for initial consideration.[25] The United States thereafter filed its current motion to dismiss based on the 1-year statute of limitations of §2255(f).[26] Key has not filed a reply and the time for doing so has now expired.[27]

## CONCLUSIONS OF LAW

The first question the Court must consider is whether Key has filed a timely motion to vacate within the 1-year limitation period set forth in 28 U.S.C. §2255(f). Under this subsection, a 1-year period of limitation applies to motions to vacate, with the limitation period to run from the latest of four possible dates. See 28 U.S.C. §2255(f)(1)-(4).[28] Here, it is the date on which the judgment of conviction became final that is the applicable date. *See gen.*, *Armstrong v. United States*, 107 Fed. Appx. 522 (6th Cir. Aug. 13, 2004) ("Under the Antiterrorism and Effective Death Penalty Act, a federal prisoner has one year from the date on which his judgment

---

[24] (DN 221, Memo. of Law).
[25] (DN 222, Ord. of Referral).
[26] (DN 223, Resp.).
[27] The Order of the District Court entered on March 7, 2014 (DN 222) afforded Key 14 days from the date of service of the United States' response in which to file his reply, (Id., p.1, ¶ 4). The government filed its response on March 10, 2014. The time for Key to file his reply therefor expired on Thursday, March 27, 2014..
[28] Subsection (f) of §2255 provides as follows:
   (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of - -
      (1) the date on which the judgment of conviction becomes final;
      (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
      (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
See 28 U.S.C. §2255(f).

4

becomes final to file a §2255 motion."); *Dunlap v. United States*, 250 F.3d 1001, 1004-05 (6th Cir. 2001) (A 1-year statute of limitations applies to a motion to vacate sentence under §2255).

The 3-judge panel of the Sixth Circuit affirmed Key's conviction and sentence on Aug. 17, 2012, so that upon the expiration of the 90-day period in which to file a petition for certiorari, the judgment became final for the purposes of the statute of limitations. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) ("When a federal defendant takes a direct appeal to the Court of Appeals, the judgment of conviction becomes final for §2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed.") (citing *Clay v. United States*, 537 U.S. 522, 532 (2003)). The 1-year limitation period therefore began to run on Nov. 17, 2012, and expired the following year on Nov. 17, 2013. Because Key did not file his current §2255 motion to vacate until Dec. 23, 2013, more than a month after the expiration of the statute of limitations on Nov. 17, 2013, his current petition is untimely filed.

The only question for the Court in this regard is whether the running of this 1-year limitation period was equitably tolled at any point prior to its expiration. The statute of limitations of §2255(f) is not a jurisdictional requirement, and therefore it is subject to being equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010)("First, the AEDPA 'statute of limitations defense… is not jurisdictional.'")(quoting *Day v. McDonough,* 547 U.S. 198, 205 (2006)); *Armstrong v. United States*, 107 Fed. Appx. 522 at *1 (6th Cir. Aug. 13, 2004) ("This 1-year statute of limitations is an affirmative defense that the Government may waive by failing to raise it in the first responsive pleading to a motion to vacate.") (citing *Oleson v. United States*, 27 Fed. Appx. 566, 570 (6th Cir. 2001)).

The doctrine of equitable tolling will apply in those unique circumstances when the failure of a litigant to meet the deadline of a statute of limitation arose unavoidably from circumstances beyond the control of the litigant. *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). As *Holland v. Florida*, 560 U.S. at 649 explains, the federal courts consider two factors when deciding whether the doctrine of equitable tolling applies in a §2255 case. *Id*. These factors include: (1) diligent pursuit of one's rights and (2) extraordinary circumstances. *Holland*, 560 U.S. at 631, (A petitioner will be entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."); *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) ("[E]quitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."). The burden falls squarely upon a litigant such as Key to show that the unique circumstances of his case satisfy the significant requirements for equitable tolling. *See McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

Key has not carried his burden to demonstrate such extraordinary circumstances. His claims of ineffective assistance of counsel during plea negotiations are based upon facts fully known to him well prior to the commencement of his current motion to vacate. Further, he alleges no extraordinary circumstances in his motion to vacate that otherwise would have prevented him from bringing a timely motion to vacate pursuant to 28 U.S.C. §2255. The Government placed no obstacles in his path that prevented him from filing a timely §2255 motion during the limitation period. He has not established that he lacked actual or constructive knowledge of the 1-year filing deadline of § 2255(f).

His mere status as a federal prisoner certainly, of itself, raises no extraordinary circumstances that would otherwise justify his delay. *See Del Dosque v. United States*, 169 Fed. Appx. 934, 935-36 (6th Cir. 2006) (federal prisoner was presumed to have access to a prison law library and therefore at least constructive knowledge of the 1-year limitations period of §2255 motions). The record gives no indication that Key acted diligently in pursuing his rights following the entry of the adverse decision on direct appeal, nor has Key shown that he was reasonable in remaining ignorant of the 1-year limitation period for pursuing his current motion. Key also has not alleged his actual innocence, nor could he successfully do so. Accordingly, equitable tolling has not been shown to apply in the present case. His current motion to vacate is therefor time barred and must be dismissed without consideration of the merits.

**Certificate of Appealability.**

The final question is whether Key is entitled to a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253(c). A state or federal prisoner who seeks to take an appeal from the dismissal of a habeas corpus petition or motion to vacate must satisfy the COA requirements of 28 U.S.C. § 2253(c). A COA will be issued only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

The affected prisoner to make a substantial showing must establish that jurists of reason would find it debatable whether the habeas corpus petition or the motion to vacate states a valid claim of the denial of a constitutional right or, in the cases in which the petition or motion is resolved based upon a procedural ruling, that jurists could find it debatable whether the district court was correct in its procedural ruling. *See Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001). The Court is required to make an individual assessment of the issues and to indicate

7

which specific issue or issues satisfy the standard of § 2253(c). *See Stanford v. Parker*, 266 F.3d 442, 450-51 (6th Cir. 2001), *cert. denied*, 537 U.S. 831 (2002). *See also Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (discussing 28 U.S.C. § 2253(c)). A federal or state prisoner may raise on appeal only those specific issues for which the district court grants a certificate of appealability. *Powell v. Collins*, 332 F.3d 376, 398 (6th Cir. 2003).

Key has failed to make the required showing in this case. He has not established a substantial showing of the denial of a constitutional right, nor has he demonstrated that reasonable jurists could debate the decision of the Court that his current motion to vacate is now time barred for being filed beyond the one-year statute of limitation of 28 U.S.C.§ 2255(f). Because reasonable jurors could not find that Key's motion to vacate was timely filed, or that equitable tolling stayed the 1-year limitation period, the Magistrate Judge recommends that a COA be denied.

## RECOMMENDATION

The Magistrate Judge having made findings of fact and conclusions of law recommends that the motion to vacate filed by the Defendant pursuant to 28 U.S.C. §2255 be **DISMISSED** as being untimely filed beyond the 1-year statute of limitations set forth in 28 U.S.C. §2255(f) and that the Defendant be denied a certificate of appealability.

## **NOTICE**

Within fourteen (14) days after being served a copy of these proposed Findings and Recommendation, any party who wishes to object must file and serve written objections or further appeal is waived. *Thomas v. Arn,* 474 U.S. 140, 150-51 (1985); 28 U.S.C. § 636(b)(1)(c); Fed. R. Crim. P. 59(b)(2); Fed. R. Civ. P. 72(b)

Copies to Counsel of Record