UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DANIEL KEY                                                                              PETITIONER

v.                                                          CRIMINAL ACTION NO. 3:09-CR-00179-CRS
                                                            CIVIL ACTION NO. 3:13-CV-01229-CRS

UNITED STATES OF AMERICA                                                                RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Respondent United States of America's ("Respondent") Motion to Dismiss (DN 223) Petitioner Daniel Key's ("Petitioner") 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. For the reasons set forth below, the Court will grant the motion to dismiss.

## DISCUSSION

On December 16, 2009, Petitioner was indicted along with five co-defendants for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. § 841(b)(1)(A)(ii) and 21 U.S.C. § 846. Ultimately, Petitioner pled guilty and was sentenced to a 120-month term of imprisonment.

On May 10, 2011, Petitioner appealed his conviction. Believing that there existed no non-frivolous grounds for appeal, Petitioner's counsel filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). On August 17, 2012, the Sixth Circuit granted the motion to

withdraw and affirmed Petitioner's conviction, holding that Petitioner had entered a valid guilty plea and that there was no non-frivolous basis for challenging the 120-month sentence. (DN 218).

On December 23, 2013, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (DN 220). On March 7, 2014, we referred the matter to Magistrate Judge Dave Whalin for proposed findings of fact and recommendations for the disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (DN 222). On March 10, 2014, Respondent moved to dismiss Petitioner's motion, arguing that it had not been filed within the 1-year limitation period set forth in 28 U.S.C. § 2255(f). (DN 223). On April 2, 2014, Magistrate Judge Whalin recommended that Petitioner's motion be denied on the grounds that Petitioner had failed to either: 1) file his motion within the 1-year limitation period set forth in 28 U.S.C. § 2255(f); or 2) demonstrate extraordinary circumstances justifying equitable tolling of the limitation period. (DN 224).

As explained in his recommended disposition, Magistrate Judge Whalin concluded that Petitioner had failed to file within the limitation period for two reasons. First, Magistrate Judge Whalin cited 28 U.S.C. § 2255(f)(1)'s provision that "the limitation period shall run from… the date on which the judgment of conviction becomes final." Second, Magistrate Judge Whalin cited *Sanchez-Castellano v. United States*, 358 F.3d 424 (6th Cir. 2004), for the proposition that "When a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed." *Id.* at 426. Based on these authorities, Magistrate Judge Whalin concluded that Petitioner's conviction had become final on November 17, 2013—90 days after

the Sixth Circuit affirmed Petitioner's conviction on August 17, 2012. Accordingly, Magistrate Judge Whalin held that the 1-year limitation period had expired on November 17, 2013, and that Petitioner's motion to vacate filed on December 23, 2013, was therefore time-barred.

On April 7, 2013, Petitioner filed his objections (DN 225) to Magistrate Judge Whalin's recommended disposition, which he thereafter supplemented (DN 228). According to Petitioner, Magistrate Judge Whalin erred in concluding that his motion was time-barred because the limitation period actually did not begin to run until December 13, 2012—90 days after the issuance of the Sixth Circuit's mandate on September 12, 2012.[1] Based on his averment that his Section 2255 motion was deposited in the mail and received by Respondent on December 12, 2013, Petitioner argues that his motion was filed within the limitation period and therefore is not time-barred.

When a motion pursuant to 28 U.S.C. § 2255 has been referred to a magistrate judge for proposed findings and recommendations, the district court must conduct a *de novo* review of any potion thereof to which a party objects. 28 U.S.C. § 636(b)(1). In doing so, the district court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Pursuant to Rule 13.3 of the Rules of the Supreme Court of the United States, "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and *not from the issuance date of the mandate*." (emphasis added). For this reason, the Court cannot accept Petitioner's argument that the 90-day period in which he could have petitioned the Supreme Court for certiorari must be measured from the time the mandate was issued. Accordingly, the Court agrees with Magistrate Judge Whalin that

---

[1] The Court notes that the period between September 12, 2012, and December 13, 2012, amounts to 91 days. Thus, assuming that Petitioner's argument is correct, the limitation period would have actually expired on December 12, 2012.

Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence was filed after the expiration of Section 2255(f)'s 1-year limitation period.

Having so concluded, the Court must next address Petitioner's objection to Magistrate Judge Whalin's determination that Petitioner failed to demonstrate extraordinary circumstances justifying equitable tolling of the limitation period. As explained by Magistrate Judge Whalin in his recommended disposition:

> Key has not carried his burden to demonstrate… extraordinary circumstances. His claims of ineffective assistance of counsel during plea negotiations are based upon facts fully known to him well prior to the commencement of his current motion to vacate. Further, he alleges no extraordinary circumstances in his motion to vacate that otherwise would have prevented him from bringing a timely motion to vacate pursuant to 28 U.S.C. § 2255. The Government placed no obstacles in his path that prevented him from filing a timely § 2255 motion during the limitation period. He has not established that he lacked actual or constructive knowledge of the 1-year filing deadline of § 2255(f).
>
> His mere status as a federal prisoner certainly, of itself, raises no extraordinary circumstances that would otherwise justify his delay. The record gives no indication that Key acted diligently in pursuing his rights following the entry of the adverse decision on direct appeal, nor has Key shown that he was reasonable in remaining ignorant of the 1-year limitation period for pursuing his current motion. Key also has not alleged his actual innocence, nor could he successfully do so. Accordingly, equitable tolling has not been shown to apply in the present case.

(Recommended Disposition, DN 224, at 6–7).

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citations omitted). For the reasons discussed by Magistrate Judge Whalin, the Court agrees that Petitioner failed to justify equitable tolling of Section 2255(f)'s 1-year limitation period. Accordingly, the Court will adopt Magistrate Judge Whalin's recommendation that Petitioner's

Section 2255 Motion to Vacate, Set Aside, or Correct Sentence be dismissed based on his failure to file within the applicable limitation period.

Petitioner has also moved for a certificate of appealability. In his recommended disposition, Magistrate Judge Whalin recommends that we deny the certificate because "reasonable jurors could not find that Key's motion to vacate was timely filed, or that equitable tolling stayed the 1-year limitation period." (Recommended Disposition, DN 224, at 8). Because Petitioner has not objected thereto, the Court will adopt Magistrate Judge Whalin's recommendation that a certificate of appealability be denied.

Having conducted a *de novo* review of all portions of the recommended disposition to which the parties have objected, it is hereby **ORDERED AND ADJUDGED** that:

> 1) Respondent's Motion to Dismiss (DN 223) Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence is **GRANTED;**
>
> 2) Petitioner's Motion for a Certificate of Appealability (DN 220) is **DENIED**.

**IT IS SO ORDERED AND ADJUDGED**.

There being no just reason for delay in its entry, this is a final order.

cc: Petitioner, pro se
 Counsel of Record